IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, | : :  : |
| Plaintiff, | : : |
| v. | :  CIVIL ACTION NO. :  1:10-CV-2602-RWS |
| HENRY D. STEWART, JR. or Occupant, | : : : : |
| Defendant. | : |

## **ORDER**

By an Order [7] dated January 14, 2011, the Court approved the Final Report and Recommendation [4] of Magistrate Judge Linda T. Walker and granted Plaintiff's Motion for Remand [2,3] on the grounds that this Court lacks subject matter jurisdiction over the case. Presently before the Court is Defendant's Motion to Appeal *in Forma Pauperis* [11]. After consideration of the entire record, the Court enters the following Order.

## **Background**

On July 5, 2010, Plaintiff filed a dispossessory proceeding in the Magistrate Court of Cobb County in an attempt to evict Defendant. Defendant

removed the matter to this Court on August 19, 2010.  Although Defendant did not assert a basis for removal jurisdiction within his Petition for Removal, he asserted that Plaintiff violated the Truth in Lending Act, 15 U.S.C. § 1601, and et. seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, et. seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., the Fair Credit Reporting Act, 15 U.S.C § 1681, et. seq., as well as state law provisions.

Plaintiff filed a Motion for Remand and requested that Petitioner be required to post a bond as a pre-condition of removing this case from state court a second time.  Magistrate Judge Linda T. Walker issued a Report and Recommendation [4] in which she found that this court lacks subject matter jurisdiction.  First, Defendant failed to identify a basis for federal jurisdiction in his Removal Petition.  Though Defendant alleged that Plaintiff violated several federal statutes, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Also, jurisdiction based on diversity of citizenship is not available to Defendant because Defendant is a resident of the state of Georgia and thus, cannot remove to this Court.  28 U.S.C. § 1441(b).  Based on these findings, Judge Walker recommended that the case be dismissed for lack of subject matter jurisdiction, and this Court adopted those findings in an Order [7]

2

entered January 18, 2011, and remanded the case to the Magistrate Court of Cobb County. Defendant then filed a Notice of Appeal [9] and the Motion for Permission to Appeal *in Forma Pauperis* [11] which is presently before the Court.

## Discussion

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.[1]
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---

[1] Although § 1915(a) states that the affidavit must include "a statement of all assets [the] 'prisoner' possesses," this provision applies to all persons seeking to proceed *in forma pauperis*. See Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring); see also Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir.1997) ("Despite the use of the term 'prisoner possesses,' we conclude that a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses.' ").

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Thus, both §1915(a) and Rule 24 make clear that two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*.  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.

Defendant seeks to pursue his appeal *in forma pauperis.* (Mot. to Appeal *in Forma Pauperis* [11].)  Pursuant to Federal Rule of Appellate Procedure 24(a)(3), a party who has already been permitted to proceed *in forma pauperis* may continue to do so on appeal unless the district court certifies the appeal is

4

not taken in good faith. To this point, Defendant has been permitted to proceed *in forma pauperis* in the district court. (Order [4] granting Motion to to Proceed *In Forma Pauperis*.) Thus, the only issue here is whether the Defendant has satisfied the good faith requirement.

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); see also Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (an *in forma pauperis* action is frivolous, and thus not brought in good faith, if if it is "without arguable merit either in law or fact"); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

5

In his Notice of Appeal [9], Defendant seeks to appeal the Court's decision to remand this case due to lack of subject matter jurisdiction. "Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state courts." Williams v. AFC Enters., Inc., 389 F.3d 1185, 1187 (11th Cir. 2004) (quoting Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)); 28 U.S.C. § 1447(d).  As a general matter, a "district court's remand order based on lack of removal jurisdiction, entered in response to a timely motion to remand, is not reviewable under § 1447(d)." Williams, 389 F.3d at 1190.  Plaintiff in this action filed a timely motion to remand which this Court granted on the grounds that it lacked subject matter jurisdiction over the removed action.  The Court concludes that under 28 U.S.C. § 1447(d) and Williams v. AFC Enterprises, Inc., any appeal of that Order is "indisputably meritless."  Therefore, the Court finds that Defendant's appeal on this ground is frivolous and not brought in good faith.

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, the Court concludes and certifies that this action and its appeal are not brought in good faith. As such, Defendant's Motion to Proceed *in Forma Pauperis* [11] is hereby **DENIED**.

**SO ORDERED**, this   25th   day of February, 2011.


_____
**RICHARD W. STORY**
United States District Judge